UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LEWIS,

    Petitioner,

                               Case No. 1:10-cv-917
v.                              Hon. Gordon J. Quist

STEVEN RIVARD,

    Respondent.
                               /

**REPORT AND RECOMMENDATION**

Petitioner, David Lewis, a prisoner currently incarcerated at a Michigan correctional facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.    Background**

The Michigan Court of Appeals summarized the underlying facts of this case as follows:

> On August 27, 2007, around 10:30 p.m., [petitioner] entered Jonathan and Ashley Insanas' home without their permission. After several tense moments, defendant picked up an empty water bottle and held it in a way that Jonathan described as threatening. Defendant left the home without further incident. Defendant claims that he had entered the home by mistake looking for an acquaintance named Crystal.

*People v. Lewis*, No. 282965, slip op. at p. 1 (Mich. App. May 21, 2009) (docket no. 16). Following a jury trial, petitioner was convicted of first-degree home invasion, M.C.L. § 750.110a(2). *Id.* Petitioner was sentenced as an habitual fourth offender, M.C.L. § 769.12, to 180 to 360 months imprisonment. *Id.*

Petitioner, through counsel, appealed his convictions to the Michigan Court of Appeals, filing a brief which raised issues:

> I. Whether [petitioner's] conviction must be reversed because there is (1) insufficient evidence of the Insanas being placed in fear / apprehension, and (2) insufficient evidence of [petitioner's] specific intent to commit an assault. Accordingly, [petitioner's] conviction of home invasion first degree violates due process. US Const. Am. XIV, Mich Const. 1963, Art 1, § 17.
>
> II. Whether [petitioner] received ineffective assistance of counsel when his trial counsel failed to request a lesser included offense instruction.
>
> III. Whether the trial court abused its discretion in failing to order an evidentiary hearing as to the issue of ineffective assistance of counsel.

Brief (docket no. 16).

The Michigan Court of Appeals affirmed petitioner's convictions. *Lewis*, No. 282965. Petitioner raised the same issues in his application for leave to appeal to the Michigan Supreme Court, which that court denied because it was not persuaded that the questions presented should be reviewed. *People v. Lewis*, No. 138958 (Mich. Sept. 23, 2009) (docket no. 17). Lewis raised these same three grounds in his amended habeas petition. Amend. Pet. (docket no. 5).

## II. Standard of review under 28 U.S.C. § 2254

Where the state court has adjudicated a claim on its merits, the federal district court's habeas corpus review is limited by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which provides in pertinent part that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication–

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings, and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 776, 130 S. Ct. 1855, 1862 (2010) (internal quotation marks and citations omitted). "Under the 'contrary to' clause, a federal habeas court may grant the writ only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court decided the case differently than the Supreme Court has on a set of materially indistinguishable facts." *Jalowiec v. Bradshaw*, 657 F.3d 293, 301 (6th Cir. 2011), citing *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). "Under the 'unreasonable application' clause, a federal court may grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions but unreasonably applied that principle to the facts of the petitioner's case." *Id.* A court may not issue a writ of habeas corpus "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. Rather, to grant habeas relief, the state court's application of the law must be found to be "objectively unreasonable." *Id.* at 409.

A determination of a factual issue by a state court is presumed to be correct. 28 U.S.C. § 2254(e)(1). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence that the state court's determination was erroneous. *Magana v. Hofbauer*, 263 F.3d 542, 546-47 (6th Cir. 2001). The presumption of correctness accorded to a state

3

court's findings of fact on federal habeas review also applies to the factual findings of a state appellate court based on the state trial record. *Brumley v. Winegard*, 269 F.3d 629 (6th Cir. 2001).

**III. Discussion**

**A. Insufficient Evidence (Issue I)**

In *People v. Wilder*, 485 Mich. 35, 780 N.W.2d 265 (2010), the Michigan Supreme Court set forth the three "alternative elements" of first-degree home invasion. In "Element One: [t]he defendant either: 1. breaks and enters a dwelling or 2. enters a dwelling without permission." *Wilder*, 485 Mich. at 43. In "Element Two: [t]he defendant either: 1. intends when entering to commit a felony, larceny, or assault in the dwelling or 2. at any time while entering, present in, or exiting the dwelling commits a felony, larceny, or assault." *Id.* In "Element Three [w]hile the defendant is entering, present in, or exiting the dwelling, either: 1. the defendant is armed with a dangerous weapon or 2. another person is lawfully present in the dwelling. *Id.*

Lewis states that the first and third elements of first degree home invasion were conceded at trial because he entered a dwelling without permission while another person was lawfully present in the dwelling. Petitioner's Memorandum at p. 13 (docket no. 4). Lewis, however, contests the second element, i.e., that "a felony, larceny or assault [was] committed while the offender is in the dwelling." *Id.* Lewis also contends that, with respect to the assault, there was no evidence to show that he "specifically intended" to place the victims in fear or apprehension. *Id.* at p. 16.

The Michigan Court of Appeals addressed petitioner's claim of insufficient evidence as follows:

> Defendant first argues that there was insufficient evidence to convict him of first-degree home invasion. He admitted at trial that he entered the Insanas' home

4

without their permission and that they were home at the time. He argues, however, that insufficient evidence was adduced to prove either that the Insanas' were placed in fear of an imminent battery, or that he had the specific intent to place them in fear of an imminent battery. We disagree.

In a criminal case, a challenge to the sufficiency of the evidence is reviewed de novo in the light most favorable to the prosecution to determine whether a rational trier of fact could find beyond a reasonable doubt that all essential elements of the prosecution's case were proven. *People v. Aldrich*, 246 Mich.App. 101, 122, 631 N.W.2d 67 (2001). This is a deferential standard requiring the reviewing court to draw all reasonable inferences and resolve credibility issues in favor of the jury verdict. *People v. Nowack*, 462 Mich. 392, 400, 614 N.W.2d 78 (2000).

A rational trier of fact could reasonably conclude from the evidence adduced below that defendant was guilty of first-degree home invasion beyond a reasonable doubt. The first-degree home invasion statute provides, in relevant part as follows:

> A person who breaks and enters a dwelling with intent to commit a felony, larceny, or assault in the dwelling, a person who enters a dwelling without permission with intent to commit a felony, larceny, or assault in the dwelling, or a person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:
>
> * * *
>
> (b) Another person is lawfully present in the dwelling.

[MCL 750.110a(2)(b).]

An assault is " 'either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.' " *People v. Reeves*, 458 Mich. 236, 240, 580 N.W.2d 433 (1998), quoting *People v. Sanford*, 402 Mich. 460, 479, 265 N.W.2d 1 (1978). "[T]he jury should be instructed that there must be either an intent to injure or an intent to put the victim in reasonable fear or apprehension of an immediate battery." *People v. Johnson*, 407 Mich. 196, 210, 284 N.W.2d 718 (1979).

At trial, Jonathan testified that when defendant picked up the water bottle he made a threatening gesture. Jonathan testified that he thought that defendant's act in picking up the water bottle signaled that defendant intended to become physically

aggressive. He stated that he thought defendant was going to hit him with or throw the bottle at him. Based on this testimony, a rational juror could conclude that Jonathan was placed in fear or apprehension of an imminent battery.

Defendant argues that Jonathan's testimony is insufficient to establish an assault because Jonathan did not actually say that he feared defendant would hit him with the water bottle until after the prosecutor had asked him more probing questions. Defendant mischaracterizes the testimony at trial. Certainly, Jonathan did not actually use the words "fear" or "assault" until after plaintiff had asked more probing questions. However, these questions came after Jonathan had already stated that defendant had made a threatening gesture toward him after picking up the water bottle. There was nothing improper about plaintiff asking Jonathan clarifying questions about this statement. That Jonathan did not actually use the words "fear" or "assault" until after he was asked clarifying questions goes toward the weight and credibility of his testimony. It is a well-settled principal [sic] that questions regarding the credibility of witnesses are left to the trier of fact. *See, e.g., People v. Palmer*, 392 Mich. 370, 376, 220 N.W.2d 393 (1974).

Defendant also argues that there was insufficient evidence that he intended to commit an assault. He asserts that his intent cannot be inferred from simply picking up the bottle and holding it while looking around. "[I]ntent is a secret of a man's mind into which no one can look, and he discloses it by words or by action." *People v. Gill*, 8 Mich.App. 89, 93, 153 N.W.2d 678 (1967). Accordingly, minimal circumstantial evidence will suffice to establish a defendant's state of mind, which can be inferred from all the evidence presented. *People v. McGhee*, 268 Mich.App. 600, 623, 709 N.W.2d 595 (2005).

Contrary to defendant's argument, there was sufficient circumstantial evidence presented upon which a rational trier of fact could conclude that defendant specifically intended to place Jonathan in fear or apprehension of an imminent battery. Jonathan testified that defendant picked up the water bottle after Jonathan moved from behind the couch and began walking toward defendant. Jonathan also testified that when defendant picked up the water bottle, he held the bottle off to the side at about shoulder height. Jonathan stated that the manner in which defendant picked up and held the bottle made Jonathan feel that things "took a turn towards more him being physically aggressive towards me." "I was thinking that I was going to have to protect my house at that point," Jonathan testified. Both Insanases testified that they thought defendant looked like he was going to hit Jonathan with the water bottle. As sole judge of the facts, and in a position to assess the credibility of the witnesses, *People v. Hardiman*, 466 Mich. 417, 428, 646 N.W.2d 158 (2002), the jury could have reasonably rejected defendant's assertion that his confusion in both going to the residence and then acting erratically when inside was influenced by his intoxication. When viewed in the light most favorable to plaintiff, this

>testimony is sufficient evidence to show that defendant intended to cause Jonathan to fear or apprehension of an imminent battery.

*Lewis*, No. 28965, slip op. at pp. 1-3.

In *In re Winship*, 397 U.S. 358 (1970), the Supreme Court held that Fourteenth Amendment's Due Process Clause protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *Winship*, 397 U.S. at 364. Under *Jackson v. Virginia*, 443 U.S. 307 (1979), sufficient evidence supports a conviction if "after viewing the evidence in light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319 (emphasis added). In determining whether sufficient evidence exists to support a conviction, the reviewing court must presume that the trier of fact resolved conflicting inferences of fact in favor of the prosecution, and must defer to that resolution. *Wright v. West*, 505 U.S. 277, 296-97 (1992).

The Michigan Court of Appeals addressed both the issue of whether petitioner's acts were an assault and whether he had the requisite intent. One of the victims, Mrs. Insana, testified that at about 10:15 or 10:30 p.m. on August 27, 2007, she noticed petitioner in her kitchen, she screamed, and petitioner kept coming towards her. Trial Trans. (Nov. 13, 2007) at p. 69. Her husband got up and screamed at petitioner "in many ways" to get out of the house but petitioner would not leave. *Id.* at pp. 71-72 . Mr. Insana told petitioner to leave at least five or six times. *Id.* at p. 72. Petitioner said he was looking for someone named "Christine." *Id.* Mr. Insana told petitioner several times that there was no "Christine" in the house and approached petitioner. *Id.* During this time petitioner was "scanning the kitchen countertops" while being told to leave, then he picked up a half-full plastic water bottle from the kitchen counter and held it like he was going

7

to hit Mr. Insana. *Id.* at pp. 72-74. Mr. Insana charged at petitioner and he dropped the bottle. *Id.* Eventually, petitioner backed into the laundry room and into the garage, and stayed in the garage for some time. *Id.* at pp. 74-76. Mrs. Insana said she feared for her safety when petitioner entered the house and started walking around the kitchen. *Id.* at pp. 76-77. Mr. Insana gave similar testimony, stating that petitioner would not leave, kept on asking for "Christine," was scanning the kitchen counters and drawers, picked up a water bottle and made threatening gestures at him. Trial Trans. (Nov. 15, 2007) at pp. 6-19.

The victims' testimony provides sufficient evidence to establish the elements of first degree home invasion. The Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

### B. Ineffective assistance of trial counsel (Issue II)

Petitioner contends that trial counsel was ineffective for failing to request the lesser included offense of the misdemeanor of entry without permission, M.C.L. § 750.115. Petitioner's Memorandum at pp. 18-24. Entering without permission is a necessarily lesser included offense of first-degree home invasion. *People v. Silverman*, 466 Mich. 386, 392, 646 N.W.2d 150 (2002). Under Michigan law, "a trial court, upon request, should instruct the jury regarding any necessarily included lesser offense, or an attempt, (irrespective of whether the offense is a felony or misdemeanor), if the charged greater offense requires the jury to find a disputed factual element that is not part of the lesser included offense, and a rational view of the evidence would support it." *Id.* at 388. The Michigan Court of Appeals addressed petitioner's claim as follows:

8

> Next, defendant argues that his trial counsel's failure to request an instruction for the lesser included offenses of second-degree home invasion, MCL 750.110a(3), and misdemeanor entry without permission, MCL 750.115, deprived him of effective assistance of counsel. Second-degree home invasion and misdemeanor entry without permission are necessarily lesser included offenses of first-degree home invasion. *People v. Mendoza*, 468 Mich. 527, 533, 664 N.W.2d 685 (2003); *People v. Silver*, 466 Mich. 386, 392, 646 N.W.2d 150 (2002).
>
> The right to counsel is guaranteed by the United States and Michigan Constitutions. US Const, Am VI; Const 1963, art 1, § 20. The right to counsel is the right to have counsel effectively assist in the presentation of one's case. *People v. Pubrat*, 451 Mich. 589, 594, 548 N.W.2d 595 (1996). The determination of whether a defendant received effective assistance requires a focus on the assistance actually received. *Id.* at 596, 548 N.W.2d 595. Because effective counsel is presumed, a defendant who challenges his counsel's assistance bears a heavy burden. *People v. LeBlanc*, 465 Mich. 575, 578, 640 N.W.2d 246 (2002). To succeed, a defendant must show that (1) trial counsel's actions fell below that of a reasonably competent attorney when objectively viewed, and (2) but for trial counsel's unreasonable conduct, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *People v. Frazier*, 478 Mich. 231, 243, 733 N.W.2d 713 (2007).
>
> Here, defendant has failed to demonstrate that defense counsel's failure to request an instruction on the lesser included offenses of second-degree home invasion and unlawful entry was objectively unreasonable. The decision to proceed with an all-or-nothing defense whereby the jury must either acquit or convict the defendant on the charged offense is a legitimate trial strategy. *See People v. Rone (On Second Remand)*, 109 Mich.App. 702, 718, 311 N.W.2d 835 (1981). Had defense counsel requested an instruction on a lesser included offense, it would have greatly reduced defendant's chances of an outright acquittal given his concession that he did not have permission to be in the Insanas' home. It cannot be said that employing a strategy that would allow your client to avoid any jail time is objectively unreasonable.

*Lewis*, No. 282965, slip op. at p. 3.

As discussed by the Michigan Court of Appeals, in *Strickland*, 466 U.S. 668, the Supreme Court set forth a two-prong test to determine whether counsel's assistance was so defective as to require reversal of a conviction: (1) the defendant must show that counsel's performance was deficient and (2) the defendant must show that counsel's deficient performance prejudiced the

defense, i.e., "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland,* 466 U.S. at 687. In making this determination, the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. "[T]he threshold issue is not whether [petitioner's] attorney was inadequate; rather, it is whether he was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (emphasis in original), *cert. denied* 508 U.S. 975 (1993). Under *Strickland*, the reviewing court's scrutiny of counsel's performance is highly deferential, and the court is to presume that counsel rendered adequate assistance and made decisions with reasonable professional judgment. *Strickland*, 466 U.S. at 689-690.

Counsel is not ineffective for making a strategic decision to use jury instructions which are consistent with both the criminal defendant's testimony and his theory of the case. *See Tinsley v. Million*, 399 F.3d 796, 808 (6th Cir. 2005) (where the defendant was charged with murder, it was a permissible exercise of trial strategy for the defendant's counsel not to request instructions for self-defense or manslaughter given that the defendant's counsel's primary line of defense was that the defendant was not the shooter); *Scott v. Elo*, 302 F.3d 598, 606-07 (6th Cir. 2002) (trial counsel was not deficient for making a strategic decision not to request an involuntary manslaughter instruction, where such an instruction would be inconsistent with the defense's theory and the defendant's testimony).

As an initial matter, if petitioner's counsel had requested the misdemeanor instruction, then petitioner would almost certainly have been found guilty of that offense, because that crime only requires that he enter the house "without first obtaining permission," a fact which

petitioner conceded.[1] Petitioner's theory of the case, as reflected in counsel's opening statement and closing argument, was that his actions did not rise to the level of the assault and that he had no intent to commit one because: petitioner's entry into the dwelling was a mistake; he was afraid; Mr. Insana was a hockey player and much larger that petitioner; Mr. Insana was not scared of a water bottle; and petitioner was confused and under the influence of alcohol and crack cocaine during the incident. Trial Trans. (Nov. 13, 2007) at pp. 64-66; Trial Trans. (Nov. 15, 2007) at pp. 72-75. In this regard, petitioner testified: that he entered the house without permission at about 10:00 p.m. on the night of August 27, 2007; that he had drunk six or seven 24-ounce Busch Beers and smoked crack cocaine that day[2]; that petitioner was so intoxicated that he thought he was at a different house belonging to "Crystal"; that he knocked on the door; and that he was frightened when Mr. Insana approached him. *See* Trial Trans. (Nov. 15, 2007) at pp. 38-41, 45-48, 58 (docket no. 13). This testimony suggesting an innocent mistake, committed by an intoxicated and frightened individual, if believed by the jury, could have resulted in an acquittal on the first-degree home invasion charge.

Although petitioner raised the issue of a second-degree home invasion instruction on appeal, he did not include this claim in his amended petition or supporting memorandum. Even if petitioner had raised this claim, his counsel was not ineffective for failing to request that particular instruction. To establish second-degree home invasion, the government must show that the

---

[1] The misdemeanor of entry without permission provides in pertinent part as follows:

Any person who breaks and enters or enters without breaking, any dwelling . . . whether occupied or unoccupied, without first obtaining permission to enter from the owner or occupant, agent, or person having immediate control thereof, is guilty of a misdemeanor.

M.C.L. § 750.115.

[2] When asked how much crack he had smoked that day, petitioner responded "[a]s much as I could get." Trial Trans. (Nov. 15, 2007) at pp. 46-47.

11

defendant "(1) entered a dwelling, either by a breaking or without permission, (2) with the intent to commit a felony or a larceny in the dwelling." *People v. Nutt*, 469 Mich. 565, 593, 677 N.W.2d 1 (2004). Unlike first-degree home invasion, there is no requirement that the dwelling was occupied. Second-degree home invasion is a felony, punishable by imprisonment for not more than 15 years. *See* M.C.L. § 750.110a(6). Here, it is undisputed that the victims were in the house at the time of the home invasion. Petitioner testified that the victims were scared by his actions: that there was a man and a woman in the house; that the woman in the house "started making a noise like she was afraid;" and that the man took a couple of steps toward petitioner and the man "was scared at that point." *See* Trial Trans. (Nov. 15, 2007) at pp. 38-41, 45-48, 58 (docket no. 13). Given this undisputed evidence that the victims were present in the dwelling, it would not be an unreasonable trial strategy for petitioner's trial counsel to seek an acquittal on the charged offense of first-degree home invasion, rather than allow the jury to consider second-degree home invasion, a felony which carried a significant penalty. *See, e.g., Colon v. Smith*, 723 F.Supp. 1003, 1008 (S.D.N.Y. 1989) ("Submission of lesser included offenses may give the jury a basis for finding a defendant guilty of a crime where the prosecution was unable to prove the elements of the original crime charged beyond a reasonable doubt. Counsel may have appropriately wished to avoid this possibility and this decision therefore did not constitute ineffective assistance of counsel.").

The Michigan Court of Appeals' decision was neither contrary to, nor an unreasonable application of, clearly established Federal law as determined by the Supreme Court; nor was the decision based on an unreasonable determination of the facts in light of the evidence presented. 28 U.S.C. § 2254 (d). Accordingly, petitioner is not entitled to relief on this claim.

12

## C. Evidentiary hearing in state court (Issue III)

Petitioner contends that the trial court erred in denying his motion for a *Ginther* hearing on the issue of defense counsel's failure to request a lesser included offense. "In *People v. Ginther*, 390 Mich. 436, 212 N.W.2d 922, 925 (1973), the Supreme Court of Michigan held that a criminal defendant should move for a new trial and seek to make a separate factual record in the trial court if the trial record does not cover the claims he wishes to raise on appeal." *Hargrave-Thomas v. Yukins*, 374 F.3d 383, 388 (6th Cir. 2004). In affirming petitioner's conviction, the Michigan Court of Appeals observed that "[a] defendant is not entitled to a *Ginther* hearing as a matter of right." *Lewis*, No. 282965, slip op. at p. 4. When a request for a *Ginther* hearing is denied, the criminal defendant is not barred from bringing an ineffective assistance of counsel claim on appeal. Rather, the state appellate court reviews such claims based upon the existing record. *See, e.g.*, *People v. Snider*, 239 Mich.App. 393, 423, 608 N.W.2d 502 (2000).

Federal habeas review is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). "[F]ederal habeas corpus relief does not lie for errors of State law." *Id.* at 67, *quoting Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). Here, petitioner's claim that the state courts denied him a *Ginther* hearing is a matter of state law which is not cognizable on federal habeas review. *See Barhite v. Caruso*, No. 5:06-cv-35, 2012 WL 6934628 at *16 (Report and Recommendation) (W.D.Mich. Aug. 3, 2012), adopted in 2013 WL 310061 (Opinion) (W.D. Mich. Jan. 25, 2013) ("[t]he trial court's failure to order a *Ginther* hearing is not cognizable on federal habeas review"); *Litteral v. Palmer*, No. 08-cv-11172, 2010 WL 2633595 at *14 (E.D.Mich. 2010) ("*Ginther* does not confer an absolute right to an evidentiary hearing in all cases where a defendant alleges ineffective

assistance of counsel" and the denial of a *Ginther* hearing is a matter of state law not cognizable on federal habeas corpus review"). Petitioner's claim that the trial court improperly refused his request for a *Ginther* hearing should be denied.

### IV. Recommendation

I respectfully recommend that petitioner's habeas petition be **DENIED**. Rule 8, Rules Governing § 2254 Cases in the United States District Courts.


Dated: August 8, 2013                                    /s/ Hugh W. Brenneman, Jr.
                                                               HUGH W. BRENNEMAN, JR.
                                                               United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).